CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Email: chad_wright@fd.org
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRYANT NICHOLAS ESPINOZA,<br><br>Defendant. | **CR 24-26-H-BMM**<br><br>**DEFENDANT ESPINOZA'S BRIEF IN SUPPORT OF OPPOSED MOTION TO DISMISS COUNT 2 BECAUSE IT VIOLATES DOUBLE JEOPARDY** |

**INTRODUCTION**

Defendant Bryant Nicholas Espinoza has moved to dismiss Count 2 of the Indictment under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. This brief supports that motion.

Mr. Espinoza was arrested, charged, and convicted for violating a California restraining order because Montana law was superseded by the "full faith and credit" provision of the Violence Against Women Act, 18 U.S.C. §2265 (1994) (VAWA).

1

This nationally imposed requirement to enforce out-of-state restraining orders precludes a second prosecution in federal court under 18 U.S.C. §922(g)(8) when it is based on the same firearm violation of the California restraining order. *United States v. Dixon*, 509 U.S. 688, 711 (1993). This Court should dismiss Count 2 because the subsequent §922(g)(8) charge is not exempted by the dual sovereignty doctrine and violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

## FACTUAL BACKGROUND

On February 6, 2024, Mr. Espinoza was wearing a sidearm when he picked up his daughter on the road outside of Jim Darcy Elementary School in Helena, Montana. When Lewis and Clark County Corporal Chris Norris started his investigation, he quickly found that Mr. Espinoza had a restraining order from California. ATF Special Agent Enk requested that Corporal Norris hold off on speaking with Mr. Espinoza. Two months later, on April 9, 2024, Agent Enk would lead the team of federal and state officers searching Mr. Espinoza's property and vehicles pursuant to a federal search warrant. Mr. Espinoza admitted possession of the handgun found in his home during the search. Rather than charging him with a federal offense, he was immediately arrested for Violation of Order of Protection pursuant to Mont. Code Ann. §45-5-626. (*State v. Bryant Nicholas Espinoza*, Lewis and Clark County Justice Court, TK-515-2024-722). After multiple attempts, Mr.

Espinoza's ex-girlfriend had obtained the California restraining order based on claims of "inappropriate touching" and physical abuse of the ex-girlfriend's children. After investigation, Mr. Espinoza was not criminally charged with anything related to the vague allegations in the California restraining order.

When Mr. Espinoza pled guilty to violating the order, the Montana Justice Court stopped and verified that the order of protection originated out of California. (Exhibit E, pg. 2). The California restraining order specifically advised:

**You cannot have guns, firearms, and/or ammunition.**



You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. Unless the court grants an exemption, you must sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect. Even if exempt under California law, you may be subject to federal prosecution for possessing or controlling a firearm.

(Exhibit A, pg. 6). The Justice Court noted that possessing a firearm is prohibited with any outstanding order of protection. The Justice Court also advised that it did not have any authority to modify a restraining order from another state. (Exhibit E, pg. 5). The California restraining order contained a separate section about the order's nationwide enforceability under VAWA:

3

> **Certificate of Compliance With VAWA**
> This restraining (protective) order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA) upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

(Exhibit A, pg. 5). Mr. Espinoza was sentenced to 180 days in jail with 180 days suspended. (Exhibit D, pg. 1). The California restraining order expired on August 9, 2024.

On November 6, 2024, the government charged Mr. Espinoza with Unlawful Possession of a Firearm on School Grounds (Count 1)[1]; and Prohibited Person in Possession of Firearms and Ammunition (ECF No. 2). Count 2 was based on the exact same conduct Mr. Espinoza was convicted for in Justice Court: knowingly possessing a firearm in Montana on or about February 6, 2024, while knowing he was subject to a restraining order from California. Mr. Espinoza pled not guilty, and trial is currently set for March 4, 2025.

///

///

///

///

---

[1] Mr. Espinoza does not allege that Count 1 violates double jeopardy.

# ARGUMENT

1. **The Double Jeopardy Clause and the limits of the Dual Sovereignty Doctrine**.

The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const. amend. V, cl. 2. The Clause "forbids successive prosecution and cumulative punishment for a greater and lesser included offense," *Brown v. Ohio,* 432 U.S. 161, 169 (1977). The central purpose of the Clause is to protect against vexatious multiple prosecutions. *Missouri v. Hunter*, 459 U.S. 359, 365 (1983), *United States v. Wilson*, 420 U.S. 332, 343 (1975). To avoid the reach of the Clause, each offense under consideration must require proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "It has long been understood that separate statutory crimes need not be identical either in constituent elements or in actual proof in order to be the same within the meaning of the constitutional prohibition." *Brown,* 432 U.S. at 164.

A crime based on violating a condition of a judicial order "cannot be abstracted" from the element of the violated condition. *Dixon*, 509 U.S. at 698. In *Dixon*, two defendants (Dixon and Foster) were tried for criminal contempt of court for violating court orders that prohibited them from engaging in conduct that was later the subject of a criminal prosecution. *Id.* at 691. Foster's successive conviction

5

and prosecution matches the same dilemma faced by Mr. Espinoza. Foster was subject to a civil protection order that prevented him from assaulting his estranged wife. He was convicted in the Superior Court of the District of Columbia of criminal contempt when he assaulted his wife in violation of the civil protection order. After his D.C. conviction, the United States Attorney in D.C. charged Foster with simple assault for the same assault on the same day. The underlying substantive criminal offense (the assault) worked as "species of a lesser included offense." *Id*. at 698. Charging Foster for assault based on the same event establishing his conviction for violation of the civil protection order failed the *Blockburger* test and violated Double Jeopardy. *Id.* at 700. Here too, charging Mr. Espinoza for possessing a firearm while knowing he was subject to a valid restraining order after he was convicted in Montana pursuant to the VAWA for possessing a firearm while knowing he was subject to a valid restraining order violates Double Jeopardy.

Of course, the obvious response to the double jeopardy implications in Mr. Espinoza's case is that the state conviction was followed by a federal prosecution. The dual sovereignty doctrine says successive prosecutions by two sovereigns for the same conduct are not barred by the Double Jeopardy Clause. *Heath v. Alabama*, 474 U.S. 82, 88 (1985). However, "it is the presence of *independent sovereign authority to prosecute*, not the relation between States and the Federal Government in our federalist system, that constitutes the basis for the dual

6

sovereignty doctrine." *Id.* at 90-91 (*emphasis added*). The two entities must draw their authority for successive prosecutions from "distinct sources of power." *Id.* at 88.

Montana could not have exercised jurisdiction over and prosecuted Mr. Espinoza under its own laws. Mr. Espinoza's ex-girlfriend did not register the California protection order in Montana as required by Mont. Code Ann. §40-15-301(7). Despite this jurisdictional failure, the VAWA gave Montana statutory authority to enforce the firearm violation contained in the California restraining order. The VAWA created a unique nationwide structure. For example, when the VAWA was enacted, Montana did not provide for orders of protection for same-sex relationships. Mont. Code Ann §40-4-121 (1993). However, a petitioner who had obtained a restraining order against a same-sex partner in another state would have been able to enforce the same-sex restraining order in Montana because of the federal authority imposed on the states through the VAWA. Catherine Klein, *Full Faith and Credit: Interstate Enforcement of Protection Orders Under the Violence Against Women Act of 1994*, 29 Fam.L.Q. 253, 256 (1995). Thirty years later, the VAWA still provides Montana the with federal authority to ignore its own statutory registration requirements for out-of-state restraining orders. Enforcement is ceded to the federal mandate to uniformly prevent those persons subject to domestic restraining orders from possessing firearms even if the State says the opposite.

7

Through the VAWA, Montana derived its jurisdiction and authority to prosecute Mr. Espinoza from the United States.

Because the United States provided the power to prosecute Mr. Espinoza in state court, the dual sovereignty doctrine does not apply. This Court must then return to determining whether the two prosecutions violate the Double Jeopardy Clause. The same as Foster's conviction in *Dixon*, Mr. Espinoza's conviction for violation of the protection order by possessing a firearm and subsequent federal prosecution for possessing the same firearm while subject to the same protection order fails *Blockburger* and violates Double Jeopardy. *Dixon*, 509 U.S. at 700.

### 2. The Montana Offense.

To convict someone of Violation of an Order of Protection, the state must prove there was a qualifying order of protection, and the defendant did something to knowingly violate the protection order. Mont. Code Ann. §45-5-206 and §40-15-301. The VAWA eliminates the Montana requirements for qualifying out-of-state protection orders:

> **45-5-626.   Violation of order of protection**. (1) Except as provided in 50-32-609, a person commits the offense of violation of an order of protection if the person, with knowledge of the order, purposely or knowingly violates a provision of any order provided for in 40-4-121 or an order of protection under Title 40, chapter 15. It may be inferred that the defendant had knowledge of an order at the time of an offense if the defendant had been served with the order before the time of the offense. Service of the order is not required upon a showing that the defendant had knowledge of the order and its content.

Montana has codified the procedural protections of §922(g)(8) but limits those protections to in-state protection orders. The relevant cross reference to Title 40 Chapter 15 explains that Montana will prosecute out-of-state protection orders only if they are properly registered in-state:

> **40-15-301.   Jurisdiction and venue.**
>
> * * *
>
> (7) A certified copy of an order of protection from another state, along with proof of service, may be filed in a Montana court with jurisdiction over orders of protection in the county where the petitioner resides. If properly filed in Montana, an order of protection issued in another state must be enforced in the same manner as an order of protection issued in Montana.

Mr. Espinoza was convicted in state court because he knowingly possessed a firearm in violation of the California restraining order of which he had notice.

### 3.   The Federal Offense.

The Montana offense is completely contained within Count 2. The government must prove that Mr. Espinoza must knowingly possessed a firearm while knowing that he was subject to a qualifying domestic restraining order. The only additional element the government must prove in Count 2 is that the firearm had entered interstate travel.

///

///

**18 U.S. Code § 922 - Unlawful acts**

(g) It shall be unlawful for any person—

\* \* \*

(8) who is subject to a court order that—

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)
(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

Under §922(g)(8) there exists "significant interplay between state and federal court proceedings" so federal courts "review the facts relating to the issuance in state court of the predicate" order. *United States v. Young*, 458 F.3d 998, 1000 (9th Cir. 2006). Applied to Mr. Espinoza's case, his state conviction for violation of the California order falls completely within the elements of the §922(g)(8) charge. Both charges have the essential elements of requiring proof of a valid protection order and

10

knowledge that the protection order was in place. Next, the violation of the protection is the same crime as the substantive federal offense – possession of a firearm. Again, due the VAWA, there is no way to legally possess a firearm in the United States while a valid domestic violence restraining order is in place. Montana could not convict without naming what the violation entailed and, of course, the violation element named was possession of a firearm. *Dixon,* 509 U.S. at 698.

## CONCLUSION

Montana was relying on the sovereign power of the United States when it acquired jurisdiction and prosecuted Mr. Espinoza for possessing a firearm in violation of a California restraining order. He should not be forced to "run the gauntlet" again when being prosecuted for the same offense under Count 2 for possessing a firearm in violation of §922(g)(8). *See*, *Abney v. United States*, 431 U.S. 651, 662 (1977).

WHEREFORE, Count 2 of the Indictment should be dismissed.

RESPECTFULLY SUBMITTED this 4th day of February, 2025.

/s/ Chad Wright
CHAD WRIGHT
Assistant Federal Defender
Counsel for Defendant

11

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 2,215 excluding tables and certificates).

DATED this 4th day of February, 2025.

                                                 /s/ Chad Wright
                                                 CHAD WRIGHT
                                                 Assistant Federal Defender
                                                 Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on February 4, 2025, a copy of the foregoing document was served on the following persons by the following means:

__1__     CM-ECF

__2__     Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. PAULETTE STEWART
   Assistant United States Attorney
   United States Attorney's Office
   901 Font Street, Suite 1100
   Helena, MT 59626
         Counsel for the United States of America

2. BRYANT ESPINOZA
       Defendant

                                     /s/ Chad Wright
                                      FEDERAL DEFENDERS OF MONTANA